*1093 Memorandum. The order of the Appellate Division should be affirmed.
The tax investigator’s testimony, taken as a whole in conjunction with information supplied to him by his supervisor, furnished the requisite probable cause for him to enter the driveway and observe the activity there (cf. People v Rizzo, 40 NY2d 425; People v Hanlon, 36 NY2d 549, 557-559; People v Malinsky, 15 NY2d 86, 91; People v Coffey, 12 NY2d 443, cert den 376 US 916).
Furthermore, though a private driveway leading to a home is not outside the area entitled to protection against unreasonable search and seizure (US Const, 4th Arndt; NY Const, art I, § 12; see United States v Magana, 512 F2d 1169, cert den 423 US 826; cf. People v Doerbecker, 39 NY2d 448, 452), the record in this case reveals that the driveway here was one in which the defendants’ activities were carried on in such an overt manner that the suppression court had a right to find that the investigator, in positioning himself there, had not invaded an area as to which defendants had a logical expectation of privacy (see People v Doerbecker, supra, p 452; United States v Magana, supra, p 1171; Wattenburg v United States, 388 F2d 853, 857; cf. Mancusi v De Forte, 392 US 364; People v Abruzzi, 42 NY2d 813, affg on opn at 52 AD2d 499). Also, the truck and other vehicles then available to the defendants for speedy and wholesale removal of the large stock of cigarettes presented exigent circumstances which made search and seizure of the contents of the garage in which they were located permissible without a warrant (cf. People v Vaccaro, 39 NY2d 468, 472-473; People v Clements, 37 NY2d 675, 679, cert den 425 US 911).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.