■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. CAIZZO, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 28, 1978, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. At a suppression hearing and again at trial, the People offered direct evidence that on October 15, 1977, a detective sergeant of the Colonie Police Department was advised that certain bolts of cloth, which possibly had been stolen from a Mr. Pohl, were being offered for sale to the public by a man and woman at a residence located at 17 South Lansing Road in the Town of Colonie. The detective went to the address and, together with Mr. Pohl and another policeman, he went to the front door and knocked. No one came to the door and as Mr. Pohl looked through the glass window in the door, he observed rolls of material which he identified by their visible labeling as having been stolen from his store on September 23, 1977. The fabric had a value in excess of $10,000. The detective went next door and there he met the defendant's wife, who advised him that the subject residence belonged to her and her husband, the defendant. The detective advised her that he had observed stolen property therein and asked for permission to call her husband, which she gave him, and he telephoned in her presence. He told defendant that the residence had stolen property in it and asked him to open the building, but defendant said he did not have time. The detective then told the wife that he had to seize the merchandise and she said she did not have a key and that he could "open the building any way that (he) pleased." Thereupon the detective returned to the residence, smashed a window and opened the door, and Pohl again identified the merchandise as his and the police seized the material. The detective testified that the defendant arrived on the scene as the goods were being carried away and was then arrested for possession of stolen property and given his *Miranda* warnings as to the right to counsel and the right to remain silent. Thereafter, the defendant in substance said that he had previously rented the house to two males and a female whose names he did not know and from whom he collected no rent. At the trial, the defendant admitted that he had told the police the property was rented, but asserted he was then lying. The defendant further testified that he purchased the goods from a certain person, whom he knew to have a criminal record, at a substantial discount. His wife testified that her husband had purchased the merchandise but that she did not know about it until after the transaction had been completed. The defendant contends that there was an illegal search and seizure of the residence where the stolen merchandise was located. However, the stolen goods were in plain view and it is obvious that there was no search involved. For the reasons stated by the trial court, the motion to suppress evidence was properly denied. The defendant strenuously objects to the sufficiency of the evidence to establish guilty knowledge on his part; however, it is not disputed that the goods were stolen and the admission of a lie to the police

as to control of the premises was sufficient to support the jury verdict of guilt beyond a reasonable doubt (see *People v Von Werne,* 41 NY2d 584, 590). Finally, the defendant's prior criminal record supports the trial court's indeterminate sentence of two to six years. Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Herlihy, JJ., concur.