■ In the Matter of LEON SALOB, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.— Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Commissioner of Education suspending petitioner's license to practice chiropractic. Petitioner, a chiropractor, was charged with practicing the profession of chiropractic beyond its authorized scope and with unprofessional conduct within the purview and meaning of subdivisions (2) and (9) of section 6509 of the Education Law. In the first specification charging petitioner with practicing the profession of chiropractic beyond its authorized scope, it was alleged

that petitioner, while not authorized to use X rays, did in fact X-ray an agent of the New York State Education Department at his chiropractic office on or about May 19, 1978. Petitioner was charged in the second specification with unprofessional conduct based upon the conduct set forth in the first specification. He was also charged with additional acts of unprofessional conduct in the second specification, including willfully misrepresenting to the State Education Department that he would not X-ray patients until duly licensed; holding himself out as being able to practice acupuncture; engaging in deceptive and misleading advertising; using the word "Doctor" with his name without indicating the profession in which he held a doctorate; claiming professional superiority or special professional abilities in an area in which he was not qualified or certified to practice; and practicing the profession of chiropractic under an assumed name without registering the assumed name with the county clerk. A hearing was held at which an investigator for the State Education Department testified that on three occasions he visited petitioner's office which was attached to his home; that he photographed a prominent sign outside petitioner's office stating "Acupuncture"; that in the reception area of the office he took petitioner's business card from a rack on the wall and some pamphlets concerning acupuncture and X ray; that on May 19, 1978 petitioner took an X ray of the investigator at his office; and that on June 2, 1978 petitioner again reviewed the X ray with him and then gave him the X ray because he told petitioner he thought it best to seek treatment closer to home. The hearing panel found petitioner guilty of each of the charges. The panel recommended a two-year suspension on each of the specifications, to run concurrently, and that the final 15 months of the suspension be stayed and petitioner be placed on probation for seven years. Thereafter, the Regents Review Committee unanimously adopted the findings of the hearing panel, but recommended modification of the period of probation to five years. The Board of Regents accepted the recommendations of the Regents Review Committee. On June 11, 1979, the Commissioner of Education executed the order effectuating the decision of the Regents. This article 78 proceeding ensued to annul the order of the Commissioner of Education. Initially, petitioner contends that the pamphlets and other materials taken from his office should not have been admitted into evidence at the hearing because they were removed without an administrative warrant in violation of the Fourth and Fifth Amendments of the United States Constitution. The protection against unreasonable searches and seizures, however, does not extend to property knowingly exposed to the public, even in a person's own home or office (Katz v United States, 389 US 347, 351). The materials in question were taken from the area of petitioner's office open to the public and, accordingly, they were properly admitted. We reject petitioner's argument that the X ray admitted into evidence should have been suppressed on the ground that it was not properly identified as an X ray of the investigator. Identification of the X ray raised a question of fact for resolution by the triers of fact (Matter of Shephard v Ambach, 68 AD2d 984). The finding as to identification is, in our view, supported by substantial evidence and should not be disturbed. Petitioner's contention that the claim of custody of the X ray was not established must also be rejected. There existed reasonable assurances of the identity and unchanged condition of the X ray and, consequently, it was properly ruled admissible (People v Julian, 41 NY2d 340, 343). Based upon our examination of the entire record, it is the opinion of this court that the determination of the Commissioner of Education is supported by substantial evidence, and, therefore, it should be confirmed

(*Matter of Sang Moon Kim v Ambach,* 68 AD2d 986). We have considered petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.