■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTONIA PEREZ, Also Known as SERGIO PEREZ and FREDERICK THOMPSON, Respondents.—The People appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County, entered February 22, 1980, as granted that part of defendant Perez' motion which was to suppress certain physical evidence and (2) so much of an order of the same court, entered March 11, 1980, as granted that part of defendants' motion which was to suppress certain physical evidence. Orders reversed insofar as appealed from, on the law, and the part of the motions which were to suppress certain physical evidence are denied. On December 1, 1978 Officers Hebron and Brooks responded to a radio run that a robbery or purse snatch was in progress in the vicinity of 181 Woodruff Avenue. The officers responded within moments, but failed to observe any crime when they arrived at the scene. After looking in several apartment house lobbies, they entered the store at 181 Woodruff Avenue to continue their investigation. A storefront sign read "Canine Dog Food Products". The officers could not see inside the store prior to their entry, other than to observe that the premises was illuminated. The front door was closed but was not locked. Upon entering the premises, the officers observed what was obviously an illegal gambling operation. Defendants Perez and Thompson, the only ones present, were taken from their positions behind a clear plexiglass bullet proof partition and were arrested. The officers returned to 181 Woodruff Avenue on January 30, 1979, at 2:30 P.M. The same storefront sign was present. After observing approximately 10 to 12 individuals enter and leave the premises over a short period of time, with no packages being visible, the officers once again used the unlocked door to enter the premises and observed the same gambling operation as previously existed. Defendant Perez, observed behind the partition with slips of paper in his hands, was once again arrested. Under these circumstances, it was error to grant suppression of the physical evidence. "For the Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection" *(Katz v United States,* 389 US 347, 351). "A government agent, in the same manner as a private person, may accept an invitation to do business and may enter upon the premises for the very purposes contemplated by the occupant." *(Lewis v United States,* 385 US 206, 211.) In both instances at issue, the officers observed an apparent commercial operation with a light on and the door unlocked. They were fully justified in entering the premises, and defendants cannot claim a reasonable expectation of privacy merely because their ineffectual subterfuge of a seemingly innocent business operation failed to achieve its purpose. As stated in *People v Farenga* (42 NY2d 1092, 1093) "the investigator, in positioning himself there, had not invaded an area as to which defendants had a logical expectation of privacy" (see, also, *Matter of Salob v Ambach,* 73 AD2d 756). Therefore, the part of the motions which were to suppress the physical evidence are denied. Mollen, P. J., Titone, Martuscello and O'Connor, JJ., concur.