■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM S. CRAPO, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered October 7, 1983 in Chemung County, convicting defendant upon his plea of guilty of the crimes of criminal possession of stolen property in the second degree and attempted criminal possession of a weapon in the third degree. ¶ In the appeal from his conviction for criminal possession of stolen property in the second degree, defendant contends that Supreme Court erroneously denied his motion to suppress evidence that was obtained as a result of an entry upon his property by the arresting officer shortly after 5:30 A.M. on May 1, 1983. The officer was the only witness at the suppression hearing. He testified that at 5:30 A.M., while on patrol, he received a radio message reporting the theft of a motorcycle from a residence on East Miller Street in the City of Elmira. Because defendant was a known suspect in a recent theft of another motorcycle and lived in the vicinity of the East Miller Street address, the officer decided to place defendant's residence under surveillance. He parked across the street and, while still seated in his vehicle, observed a light in the garage and heard the clanking of metal. He then left the patrol car and walked 10 to 20 feet from the sidewalk to the garage. Through the window in the garage door, he observed defendant dismantling a motorcycle. At this point, defendant became aware of the officer's presence from the noise of the police car radio. Defendant opened the garage door to see what the officer wanted. The officer stated that he was looking for a missing motorcycle and asked defendant if the motorcycle he was working on was his. Defendant replied that he had found it, and consented to the officer's request to permit inspection by the owner of the missing motorcycle. Shortly thereafter, the owner was brought to the garage and identified the motorcycle as his. Defendant was then arrested. ¶ The sole basis for defendant's contention that the evidence thus obtained should have been suppressed is that it was the product of an illegal intrusion upon his property, since the officer's entry was not based on anything more than a suspicion of defendant's involvement in the theft of the motorcycle. The record establishes no violation of defendant's rights under the Fourth Amendment. The officer's action in walking up defendant's driveway to the door of his garage and then looking through the garage door window was no more intrusive an event than ordinarily occurs during the daily incidents of life in an urban neighborhood by, e.g., a paperboy, garbage collector or door-to-door salesman. Clearly, without some outward manifestation that trespasses of this nature, even upon the curtilage of his property, were forbidden, defendant had no reasonable expectation of privacy that was infringed by the arresting officer (see 1 La Fave, Search and Seizure, § 2.31[e]).

As recently stated by the United States Supreme Court in *Illinois v Andreas* (463 US 765, ___, 103 S Ct 3319, 3323): "The Fourth Amendment protects legitimate expectations of privacy rather than simply places. If the inspection by police does not intrude upon a legitimate expectation of privacy, there is no 'search' subject to the Warrant Clause." Consequently, no unreasonable search and seizure occurred here and defendant's motion to suppress was properly denied (see *United States v Ventling*, 678 F2d 63, 66; *People v Caizzo*, 71 AD2d 715). ¶ Even if we had reached the opposite conclusion regarding defendant's conviction of criminal possession of stolen property in the second degree, we would have found no basis for upsetting his conviction for attempted criminal possession of a weapon in the third degree. Although his guilty plea to the latter charge was part of the same plea bargain, nowhere in the record is there any basis whatsoever to find that his guilty plea was contingent upon the validity of his conviction for possessing stolen property. ¶ Judgment affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.