OPINION OF THE COURT
Memorandum.
The order of Appellate Term should be affirmed.
While driving at 3:50 a.m. on May 3, 1983, defendant was observed by a fellow motorist leaving the roadway, striking two fences and a utility pole, and severely damaging his vehicle. The motorist followed defendant to a house, saw him leave the car — unsteadily—and enter the house, and then called the police. He thereafter accompanied the police officer to defendant’s house and pointed out the vehicle, which was parked in the driveway in open view from the street. Investigating the report, the officer walked up the driveway and onto an open-ended porch. He opened the screen door in order to knock on the front door and knocked loudly, and defendant (identified as the driver) came to the door. Defendant (described by the officer as having a strong odor of alcohol on his breath, glassy, bloodshot eyes, slurred speech and unsteady gait) told the officer that he had been drinking, that he had lost control of his car and hit the fences and pole, that he had left the scene and would pay for any damage caused. The officer then arrested defendant for driving while intoxicated and leaving the scene of a property damage accident. The officer apparently entered the house in the course of the arrest. Defendant’s motion to suppress all incriminating evidence, on the basis of article I, section 12 of the New York Constitution and the Fourth Amendment to the Federal Constitution, was denied without a hearing. After a Huntley hearing, the court also denied defendant’s motion to suppress his statements, and defendant pleaded guilty to both charges. The judgment of conviction was affirmed by Appellate Term.
The major thrust of defendant’s argument on this appeal is that, by arresting him at the threshold of his home or in his home, the People violated Payton v New York (445 US 573) (see, 2 La Fave, Search and Seizure § 6.1, at 161, n 61.5 [1986 Supp]). Payton precludes the introduction of evidence obtained as the result of a warrantless, nonconsensual entry into a suspect’s home in order to make an arrest. Here, however, the incriminating evidence was not the product of an illegal arrest; rather, it was obtained in the course of the officer’s investigation and before any arrest (see, Mapp v Ohio, 367 US *763 643). Nor were defendant’s constitutional rights violated when the officer investigating the reported traffic incident entered upon defendant’s property, knocked on the front door, and asked questions which defendant chose to answer. The police officer reached defendant’s front door by the means defendant had made available for public access to his house, and did not intrude into any area in which defendant had a legitimate expectation of privacy (see, California v Ciraolo, 476 US 207, 90 L Ed 2d 210; see also, Oliver v United States, 466 US 170, 177-178; United States v Santana, 427 US 38, 42). Absent evidence of intent to exclude the public, the entryway to a person’s house offers implied permission to approach and knock on the front door. Thus, where (as here) the police utilized an unobstructed access to defendant’s home for the purpose of making inquiry, no warrant was required by the State or Federal Constitution (see, 1 La Fave, Search and Seizure § 2.3, at 304-305).
Defendant having failed to raise any issue of fact regarding an improper search or seizure, the trial court correctly denied his suppression motion without a hearing.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.