◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MALTESE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered October 29, 1986, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

A police officer, while investigating a burglary, approached the door of the defendant's basement apartment by the common means of ingress and egress thereto. Thus, the officer did not intrude into any area in which the defendant had a

legitimate expectation of privacy *(see, People v Kozlowski,* 69 NY2d 761) and his observations through a window situated next to the door to the defendant's apartment of objects in open view did not constitute a search in violation of the defendant's rights under the Fourth Amendment *(see, People v Farenga,* 42 NY2d 1092; *People v Alberti,* 111 AD2d 860; *People v Crapo,* 103 AD2d 943; 1 LaFave, Search and Seizure § 2.3 [c], at 390). Nor was suppression of the photographs taken through the same window required as they simply recorded the officer's observations of those objects in open view *(see, State v Dickerson,* 313 NW2d 526 [Iowa]; *State v Louis,* 296 Ore 57, 672 P2d 708). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.