■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CUNNINGHAM, Appellant.—Appeal by the defendant

from a judgment of the County Court, Westchester County (Lange, J.), rendered April 22, 1987, convicting him of robbery in the second degree, grand larceny in the second degree, forgery in the second degree, criminal possession of stolen property in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On January 14, 1986, the defendant and a female companion entered Wellington Fur Resale, a fur shop in Port Chester, New York. Both individuals were wearing long black coats, and the shop owner was suspicious of them, in part because they had entered the fur shop identically attired on two previous occasions. As the owner let the couple out of the shop, she noticed a fur dangling from beneath the female's coat. She immediately lunged for the fur, and confronted the defendant and his companion outside the store. Although the shop owner ultimately succeeded in wresting this fur away from the defendant's companion, she later discovered that another fur coat was missing from the store. Both the owner and a taxi driver who had driven the defendant and his companion to the fur shop gave the police a description of the defendant, and the taxi driver additionally provided police with the address where he had picked up the defendant earlier that day.

The defendant was apprehended on the following day, when two Port Chester detectives, joined by two Bronx detectives, drove to the address provided by the taxi driver. Upon arriving at that location, one of the Port Chester detectives spotted an individual matching the defendant's description ascending the stairs in an alleyway adjacent to the subject premises. After shouting "police", the detective grabbed the defendant as he turned to run.

Contrary to the defendant's contention, we find that the detectives had probable cause to arrest him when he was stopped in the alleyway. The hearing record establishes that the detectives were aware that a robbery had been committed, and that the defendant fit the description provided by the shop owner and the taxi driver. The defendant was located at the precise address given to police by the taxi driver, and attempted to flee when one of the detectives identified himself as a police officer. Under these circumstances and based upon the "totality of the circumstances known to the arresting

officer" *(People v Rivera,* 142 AD2d 742, 743), we conclude that there was probable cause for the defendant's arrest *(see, People v Rivera, supra; see also, People v Bigelow,* 66 NY2d 417).

Moreover, the defendant cannot be said to have had a legitimate expectation of privacy in the alleyway where he was stopped. Although the alleyway, which provided access to two apartments, belonged to the owner of the subject premises and was thus private property, it was a common means of ingress and egress over which the defendant had no control *(see, People v Kozlowski,* 69 NY2d 761; *People v Maltese,* 149 AD2d 626). Accordingly, we reject the defendant's claim that the detectives violated his Fourth Amendment rights by entering the alleyway without a warrant *(see, People v Kozlowski, supra; People v Maltese, supra).*

Nor do we find any basis in the record to support the defendant's further contention that he suffered actual prejudice by the denial of that branch of his motion which was for severance of count six of the indictment involving a separate and distinct theft. The proof of the crimes committed in the Port Chester fur store was overwhelming, and the proof offered on count six of the indictment, which involved a theft in a Larchmont fur store, was separately presented, uncomplicated, and easily segregable by the jury *(see, People v Anthony,* 165 AD2d 876; *People v Mack,* 111 AD2d 186). Moreover, count six was ultimately dismissed by the trial court, and the jury was instructed to disregard the evidence presented in connection therewith.

Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or are without merit. Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.