■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK TELFER, Appellant.—Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: On a prior appeal, we remitted this matter to County Court for a hearing to determine whether defendant had standing to contest the legality of a search of the apartment where the contraband was found *(People v Telfer,* 151 AD2d 1042). Following that hearing, County Court determined that defendant had no reasonable or constitutionally cognizable expectation of privacy and, therefore, no standing to seek suppression of the evidence seized in the search. On this appeal defendant contends that the hearing court erred in its ruling that he failed to establish standing to challenge the search of 535 Brown Street on August 7, 1987. We agree.

The determinative test of whether a person has standing to challenge the legality of a search is whether such person has

asserted a "legitimate expectation of privacy" in the invaded place *(Rakas v Illinois,* 439 US 128, 143; *People v Wesley,* 73 NY2d 351, 354-357; *People v Rodriguez,* 69 NY2d 159, 161-163). In considering whether the defendant may claim a "legitimate" privacy interest, a court must determine whether a claim of privacy "is reasonable in light of all the surrounding circumstances" *(Rakas v Illinois, supra,* at 152 [Powell, J., concurring]). Here, despite defendant's illegal motives for being at the premises, defendant otherwise established that he was a daily occupant of the apartment, that he spent between 20 to 24 hours per day therein, that he took naps and ate meals there, that he had a key to the apartment, admitted other people and was present when the search was made. In our view, these factors were sufficient to establish that defendant had a legitimate expectation of privacy in the apartment, and, thus, had standing to contest the search of the premises *(see, Minnesota v Olson,* 495 US 91; *People v Rice,* 168 AD2d 901).

Since, on the prior appeal *(see, People v Telfer, supra),* the People filed a statement pursuant to CPL 450.50 asserting that they are unable to proceed without using the evidence ordered suppressed, the indictment is dismissed. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.