■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WARMUTH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered April 28, 1988, convicting him of murder in the second degree and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, after drinking alcoholic beverages for several hours, hit a pedestrian while driving through the parking lot of a shopping center. He did not stop and was pursued by a

bystander who positioned his car so as to cut-off the defendant's car. A fight ensued in which the defendant, after removing a knife from the glove compartment of his car, stabbed the unarmed victim 40 times. The defendant then left the bleeding victim in his car. Witnesses to the hit-and-run obtained the defendant's license plate number and gave it to the police. It was subsequently learned that the car was registered to the defendant's mother. The police went to the residence of the defendant's mother and saw the car parked in the driveway. They also observed blood on the interior and exterior of the car. A search warrant was obtained and two items of evidence were recovered from the car, a knife and a black leather sheath. The defendant contends that these items should have been suppressed because the initial inspection of the car by the police while it was in the driveway was unlawful. We disagree.

The defendant had no reasonable expectation of privacy with respect to individuals making observations of the car from the driveway leading to his home. Absent evidence of an intent to exclude the public, the entryway to a person's house offers implied permission to approach (see, People v Kozlowski, 69 NY2d 761, 763). Here, the police utilized an unobstructed access to the defendant's home for the purpose of investigating a reported hit-and-run accident. The police merely drove into the defendant's driveway and observed what would be visible to the casual caller, i.e., a blue Escort automobile parked there. This intrusion was relatively limited and did not extend into any area where the defendant had a legitimate expectation of privacy (see, People v Kozlowski, supra; People v Smith, 109 AD2d 1096, 1098-1099). Moreover, the conduct of the police in examining the car "was no more intrusive an event than ordinarily occurs during the daily incidents of life in an urban neighborhood" (People v Crapo, 103 AD2d 943, affd 65 NY2d 663). The defendant could not have had a legitimate expectation of privacy with respect to the exterior of the car (see, People v Lewis, 162 AD2d 760, 763) and the officers' observations through the car's windows did not constitute a search in violation of the defendant's Fourth Amendment rights (see, People v Maltese, 149 AD2d 626; People v Crapo, supra). Finally, the use of flashlights was not an unreasonable intrusion and did not convert a proper observation into an impermissible search (see, People v Perez, 135 AD2d 582, 583). Thus, the initial inspection of the defendant's car by the police was not a prohibited intrusion upon the defendant's legitimate expectation of privacy and, consequently, not a search viola-

tive of the Fourth Amendment *(see, People v Lewis, supra; People v Crapo, supra).*

The defendant's sentence was in all respects proper *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or do not warrant reversal. Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.