■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVIS FUNCHES, Also Known as ERIC WILLIAMS, Appellant. [635 NYS2d 7] —Judgment, Supreme Court, New York County (Bernard Fried, J., at suppression hearing; Charles Tejada, J., at trial), rendered May 6, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second and third degrees, and criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of 6 years to life, $4^1/2$ to 9 years, and 1 year, respectively, unanimously affirmed.

We agree with the suppression court that defendant's apparent flight from a second-floor window up the fire escape to the third-floor landing, as police responded to a call of a dispute in a second-floor apartment, enhanced the officer's suspicions about that apartment (*see, People v Crapo*, 103 AD2d 943, *affd* 65 NY2d 663; *People v Farenga*, 42 NY2d 1092), and was a sufficient predicate for the minimal intrusion of coming onto the second-floor landing of the fire escape to look through the window. Defendant enjoyed only a minimal expectation of privacy in the fire escape landing outside his window, which was neither part of his apartment nor a curtilage thereof (*see, e.g., People v Hailstock*, 54 Misc 2d 952). Moreover, consent given by an upstairs tenant to enter the fire escape from his apartment, by which access was afforded to the landing outside of defendant's window, also provided a sufficient predicate to enter the subject landing. There is no reason to distinguish between a consenting tenant whose apartment shares a fire escape landing with the searched apartment (*see, People v Church*, 217 AD2d 444), and one whose apartment shares a stairway. Once the officer was lawfully on the landing, his plain view observation of the contraband a few feet inside of the open window provided the predicate for the warrantless

entry of the apartment. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.