■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY A. CUNNINGHAM, Appellant. [645 NYS2d 571] —Yesawich Jr., J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered August 2, 1994, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the third degree.

In the early morning hours of December 26, 1992, police, responding to a reported burglary at the Red Fox Cafe in the Village of Hunter, Greene County, discovered a broken window at the Cafe along with a trail of sneaker prints and blood in the snow leading away from the establishment. Two State Troopers followed this trail to the porch of a residence, from which they were able to see, through an uncovered window, an individual (later identified as defendant) with blood on his hand and wearing sneakers, apparently asleep or unconscious on the floor of the house.

At about that time, James Di Melfi approached the residence and, in response to the Troopers' questions, indicated that he lived there, as did defendant, who Di Melfi identified as his brother-in-law. When the Troopers asked if they could speak to defendant, Di Melfi agreed and opened the main door of the house and an interior door leading to the room where defendant was lying. Defendant was thereafter arrested, and subsequent searches of his person yielded identifiable currency and a corporate seal that had been taken from the Cafe. He was charged with several crimes in connection with the December 26, 1992 burglary, as well as another burglary of the same premises which had occurred on December 12, 1992.

Defendant moved to suppress the tangible evidence taken from him, contending that it had been obtained as a result of an illegal, warrantless arrest. County Court, after a hearing, denied the motion; the court found that the Troopers' entry into defendant's premises, for the purpose of effecting his arrest, had been legal for it had been made with the consent of a third party who had apparent authority over the premises, and had also been necessitated by exigent circumstances. Defendant also sought, *inter alia*, to have the charges relating to the December 12, 1992 burglary severed from those stemming from the later incident. With the denial of this relief, defendant pleaded guilty to two counts of burglary in the third degree in full satisfaction of the indictment. He expressly reserved his right to appeal. Sentenced in accordance with his plea bargain, defendant appeals.

Having pleaded guilty, defendant has forfeited his right to challenge the legal sufficiency of the Grand Jury evidence

underlying his indictment on the charges associated with the December 12, 1992 burglary. As a matter of policy, the law does not permit this kind of issue to survive a guilty plea (*see, People v Thomas*, 53 NY2d 338, 342, n 2, 344; *see also, People v Freeman*, 198 AD2d 725, *lv denied* 83 NY2d 804).

As for the denial of defendant's motions to suppress and for severance, those issues were properly resolved by County Court. With respect to the suppression motion, defendant makes two arguments: (1) that the arrest was made without probable cause, because the Troopers' observation of him through the window—without which, he contends, they would not have had probable cause for the arrest—was improper, and (2) that their ensuing entry into the residence was illegally made without a warrant. Neither argument is compelling. The fact that the Troopers looked through the uncovered window does not render the information obtained thereby excludible as the product of an unreasonable search or seizure (*see, People v Spinelli*, 35 NY2d 77, 81; *People v Crapo*, 103 AD2d 943, 943-944, *affd* 65 NY2d 663; *People v Caizzo*, 71 AD2d 715). And that information, coupled with the blood and footprint trail leading to the house, provided an adequate basis for the Troopers' decision to place defendant under arrest for the December 26, 1992 burglary.

Furthermore, the record amply supports County Court's conclusion that the Troopers entered defendant's residence in the reasonable belief that their intrusion had been consented to by one with the authority to allow it, and therefore that the arrest that followed was proper (*see, People v Adams*, 53 NY2d 1, 9, *cert denied* 454 US 854; *People v Perea*, 182 AD2d 718, 719, *lv denied* 80 NY2d 836; *People v Schof*, 136 AD2d 578, 578-579, *lv denied* 71 NY2d 1033). Trooper James Graham testified at the suppression hearing that he asked Di Melfi if he lived "there", pointing to the house, and stated that he wanted to speak to the person in "that room of the house", pointing to the window through which defendant had been seen. According to Graham, Di Melfi replied, "No problem * * * I will let you in," and proceeded to open the doors leading to where defendant was lying, saying "[t]here you go". Trooper William Meyers confirmed this account, noting that Graham had pointed repeatedly to the portion of the house in which defendant had been seen. Given Di Melfi's declarations that he and defendant both lived in the subject premises, with no indication that there were separate apartments contained therein, and his willingness and ability to let the officers into defendant's quarters, it was reasonable for them to believe that he had the authority to consent to their entry.

Nor is there substance to defendant's contention that County Court erred in refusing to grant a severance. Although defendant argued that severance was warranted because the evidence linking him to the second burglary was substantially greater than that connecting him to the first (which he suggests consisted of only a single fingerprint), the record indicates that there was apparently both fingerprint and footprint evidence tying him to the earlier incident. More importantly, defendant did not demonstrate that a jury would not be able to separately consider the proof of each crime (*see,* CPL 200.20 [3] [a]; *People v Burnett,* 228 AD2d 788, 789; *People v King,* 170 AD2d 710, 713, *lv denied* 77 NY2d 997) or that he would suffer undue prejudice from their joinder (*compare, People v Daniels,* 216 AD2d 639, 640).

The remainder of defendant's arguments have been considered and found meritless.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.