■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Also Known as MELVIN DOVE, Appellant. [681 NYS2d 763] —Appeals by the defendant from (1) two judgments of the Supreme Court, Queens County (Thomas, J.), both rendered February 8, 1995, convicting him of attempted criminal possession of a controlled substance in the third degree under Indictment No. N10407/92 and criminal possession of stolen property in the third degree under Indictment No. 610/93, upon his pleas of guilty, and imposing sentences, and (2) an amended judgment of the same court, also rendered February 8, 1995, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his prior conviction of criminal sale of a controlled substance in the third degree under Indictment No. N10001/91. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgments and amended judgment are affirmed.

Contrary to the defendant's contention, he failed to demonstrate that he possessed a legitimate expectation of privacy in any portion of the building where he was observed and arrested by the police (*see generally, People v Murray,* 233 AD2d 956; *People v Bartley,* 219 AD2d 566; *People v Cunningham,* 170 AD2d 524; *People v Maltese,* 149 AD2d 626). Furthermore, the police officer's conduct was reasonable and lawful given his observation of the defendant's unusual behavior and his specialized training and experience in the field of narcotics sales (*see generally, People v Hollman,* 79 NY2d 181). Accordingly, we discern no basis for disturbing the hearing court's denial of the defendant's request to suppress physical evidence.

In view of the foregoing, we need not address the defendant's remaining contentions. Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.