■ CITY OF ROCHESTER, Respondent, v STEPHEN I. TEREMY, Appellant. [769 NYS2d 418]—

Appeal from an order of Monroe County Court (Keenan, J.), entered September 16, 2002, which affirmed a judgment (denominated order) of Rochester City Court (King, J.), entered January 28, 2002 that found defendant violated Rochester City Code § 90-21 (B) (6).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant, the owner of vacant residential property in the City of Rochester, appeals from an order of County Court affirming a judgment of City Court that found him in violation of Rochester City Code § 90-21 (B) (6) for failing to cut grass and weeds in the rear yard of his property, and imposed a penalty of $150. A Rochester Neighborhood Conservation Officer responding to the complaint of a neighbor discovered the violation when the officer inspected the rear yard from the driveway. We reject the contention of defendant that the officer's warrantless entry onto the property violated the constitutional protections against unreasonable searches (*see* US Const Fourth Amend; NY Const, art I, § 12). Defendant had no reasonable expectation of privacy with respect to observations of the rear yard from the driveway (*see People v Versaggi*, 296 AD2d 429 [2002], *lv denied* 98 NY2d 714 [2002]; *People v Warmuth*, 187 AD2d 473, 474-475 [1992], *lv denied* 81 NY2d 894 [1993]; *People v Lewis*, 162 AD2d 760, 762-763 [1990], *lv denied* 76 NY2d 894 [1990]; *People v Smith*, 109 AD2d 1096, 1098-1099 [1985]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.