■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BURKE, Appellant. [805 NYS2d 311]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered December 9, 2003, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 8½ years, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence, identification testimony and statements. Contrary to defendant's argument, his arrest in the doorway of his apartment, based on probable cause, did not implicate Fourth Amendment protections against warrantless arrests inside a suspect's home (*United States v Santana*, 427 US 38 [1976]; *People v Reynoso*, 2 NY3d 820 [2004]; *People v Kozlowski*, 69 NY2d 761 [1987]). When defendant requested that he be permitted to retrieve his jacket, the police followed him into the apartment for legitimate safety reasons, especially since they had just arrested defendant for armed robbery and had reason to fear that he would obtain a weapon (*see People v Andino*, 256 AD2d 153 [1998], *lv denied* 93 NY2d 922 [1999]), and this appropriate security measure led to the discovery of evidence in open view.

The court properly denied defendant's motion to reopen the *Wade* hearing. At defendant's first trial, which ended in a mistrial, the victim testified that prior to viewing a lineup he was "asked to pick out who robbed [him]." This testimony was not a sufficient basis upon which to reopen the hearing. The victim never testified that the police had told him that the person he had selected from a photo array would be in the lineup, and, in any event, even if the police had made such a comment, that alone would not have rendered the lineup unduly suggestive (*see People v Rodriguez*, 17 AD3d 267 [2005], *lv denied* 5 NY3d 768 [2005]). Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.