OPINION OF THE COURT
Russell P. Buscaglia, J.
The defendant is charged by this indictment with criminal possession of marijuana in the second degree (Penal Law § 221.25). The defendant moves to suppress the statement allegedly made by him and the physical evidence seized pursuant to section 710.20 of the Criminal Procedure Law. A hearing was conducted pursuant to People v Huntley (15 NY2d 72 [1965]), Mapp v Ohio (367 US 643 [1961]) and Dunaway v New York (442 US 200 [1979]). Officer Kevin Kennedy of the city of Buffalo, New York, Police Department testified at the hearing.
The credible testimony at the hearing revealed that on May 16, 2006 at approximately 5:30 p.m., Officer Kennedy was in uniform, driving a marked police car when he responded to a call of narcotics at 65 Dallas Street in the city of Buffalo. When he arrived at the scene, he was met by Ron Zimmerman who told him that the bank foreclosed on the house and hired his company to secure it for a foreclosure sale. He was shown a work order by Zimmerman identifying the bank as the owner. Zimmerman also told Officer Kennedy that his men arrived early in the morning and saw a male leave the house at 65 Dallas, enter a white Cadillac and drive away. They wrote down the license plate number and gave it to Officer Kennedy who discovered through a record check it was registered to the defendant. Zimmerman also told Officer Kennedy that he and his men were inside the house and saw what they believed to be marijuana. Without calling anyone from the bank or inquiring any further into ownership and control of the premises, Officer Kennedy entered the house and, along with fellow officer Acosta, searched and seized marijuana plants which are the basis for the criminal charges in this indictment. Upon entering the house, Officer Kennedy saw building materials inside and the house appeared to be undergoing remodeling. There were also several boxes with the defendant’s name written on them.
Officer Kennedy then went to Buffalo Police Department headquarters, ran a computer records search and discovered *314 that the defendant was the legal owner of 65 Dallas Street. He also learned the defendant resided at 121 Brookside in the city of Buffalo. Officer Kennedy went there the next day to arrest the defendant. He observed a green Mercury car in the vicinity being driven by the defendant. He discovered through a record check the car was registered to the defendant. Officer Kennedy went to 121 Brookside, identified himself as a Buffalo police officer and said he was looking for Robert Kunz. He did not have his gun drawn and made no promises or threats to the defendant. The defendant identified himself and said he knew the police would be coming for him. The defendant was not advised of the appropriate Miranda warnings and no questions were asked of him. At no time prior to entering the house at 65 Dallas did Officer Kennedy attempt to contact the defendant or the bank to seek their consent. He also did not attempt to obtain a search warrant.
A person must allege standing to suppress evidence by establishing a reasonable expectation of privacy in the place or items searched (People v Ramirez-Portoreal, 88 NY2d 99 [1996]). The defendant clearly has an expectation of privacy in the house at 65 Dallas Street which he owns, that society deems reasonable (Ramirez-Portoreal, supra). Zimmerman did not have actual authority to consent to the warrantless search of a house since he was hired to do work in it by some entity that was not the legal owner. An analogy can be made to a landlord-tenant situation where the former cannot consent to a search of the latter’s apartment (People v McNeeley, 77 AD2d 205 [4th Dept 1980]). Zimmerman was not the owner of 65 Dallas and, as an independent contractor, did not have the requisite authority to authorize the police to search it without a warrant.
The legality of Officer Kennedy’s actions turns on the reasonableness of the apparent authority of Zimmerman to consent to the search (People v Gonzalez, 88 NY2d 289 [1996]). The burden of establishing either actual or apparent authority must be satisfied by the People by a preponderance of the evidence. The apparent authority doctrine is applicable only if the facts believed by the officers to be true would justify the search as a matter of law. A mistaken belief as to the law, no matter how reasonable, is not sufficient (United States v Welch, 4 F3d 761 [9th Cir 1993]). Officer Kennedy’s mistaken reliance on the work order as to who owned the premises and who was authorized to consent to the search is similar to the officers’ mistaken belief in Gonzalez (supra). A mistake of law and not of fact, *315 however reasonable, cannot validate a third-party consent to search (Illinois v Rodriguez, 497 US 177 [1990]; People v Cosme, 48 NY2d 286 [1979]). The People’s argument that exigent circumstances justified the warrantless search is unpersuasive since the police could have secured the premises while a search warrant was obtained.
The People have the burden of establishing the voluntariness of a person’s statement beyond a reasonable doubt (People v Witherspoon, 66 NY2d 973 [1985]). Miranda warnings are an absolute prerequisite to custodial interrogation (Miranda v Arizona, 384 US 436 [1966]). The test to determine custody is what a reasonable person innocent of any crime would have thought had he been in the defendant’s position (People v Yukl, 25 NY2d 585 [1969]). When Officer Kennedy approached the defendant at 121 Brookside, the defendant was not in custody because a reasonable person in the defendant’s position would not have believed his liberty was deprived. Officer Kennedy did not encroach upon the defendant’s liberty or property by approaching the door of his house as a person has a diminished expectation of privacy in the exterior of his house which can be seen by the public (People v Kozlowski, 69 NY2d 761 [1987]). The defendant’s statement was spontaneous and not in response to any questioning (People v Maerling, 46 NY2d 289 [1978]). Therefore, under the totality of the circumstances, the defendant’s statement was voluntarily made.
Accordingly, the defendant’s motion to suppress the physical evidence seized is granted and the motion to suppress the statement allegedly made by him is denied.