■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN HUNTER, Appellant. [894 NYS2d 711]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 18, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to the contention of defendant, he failed to establish that he had standing to challenge the search of the apartment in which he was arrested, and thus Supreme Court properly refused to suppress the evidence seized therefrom. We note at the outset that, "[b]ecause defendant has the burden to allege facts sufficient to warrant suppression, the People are not precluded from raising the issue of standing for the first time on appeal" (*People v Hooper*, 245 AD2d 1020, 1021 [1997]; *see People v McCall*, 51 AD3d 822 [2008], *lv denied* 11 NY3d 856 [2008]; *People v Jones*, 182 AD2d 1066 [1992]). "Here, defendant offered no evidence at the suppression hearing, and there was nothing in the People's evidence to support defendant's alleged expectation of privacy in the [apartment] that was searched. The allegations in defense counsel's supporting affirmation concerning defendant's expectation of privacy in the [apartment] served only to raise standing as an issue of fact and avoid summary judgment under CPL 710.60 (3)" (*People v Washington*, 39 AD3d 1228, 1229 [2007], *lv denied* 9 NY3d 870 [2007] [internal quotation marks omitted]; *cf. People v Telfer*, 175 AD2d 638 [1991], *lv denied* 78 NY2d 1130 [1991]; *see generally People v Trotter*, 224 AD2d 1013 [1996]). The only evidence presented at the suppression hearing on the issue of defendant's standing was the testimony of a police officer, who testified that defendant's mother told him that defendant did not live at the apartment and stayed there "very rarely." There was no evidence that defendant had a key to the apartment or that he kept any clothing or other belongings there. Consequently, upon our review of the factors relevant to a determination of standing (*see People v Jose*, 252 AD2d 401, 403 [1998], *affd* 94 NY2d 844 [1999]), we conclude that defendant was, at most, a casual visitor who lacked standing to challenge the search of the apartment (*see People v Rodriguez*, 69 NY2d 159, 163 [1987]; *cf. Telfer*, 175 AD2d 638 [1991]). In light of our determination, we need not consider defendant's remaining contentions. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.