# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

74/10
KA 06-03433
PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

SHAWN HUNTER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MATTHEW J. CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 18, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. The judgment was affirmed by order of this Court entered February 11, 2010 in a memorandum decision (70 AD3d 1343), and defendant on July 15, 2010 was granted leave to appeal to the Court of Appeals from the order of this Court (15 NY3d 774), and the Court of Appeals on June 2, 2011 reversed the order and remitted the case to this Court for consideration of issues raised but not determined on the appeal to this Court (17 NY3d 725).

Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of defendant's omnibus motion seeking to suppress evidence seized by the police from the apartment in which defendant was arrested is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.

Memorandum: In a prior appeal, we affirmed the judgment convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]) on the ground that Supreme Court properly refused to suppress the evidence seized from the apartment where he was arrested (*People v Hunter*, 70 AD3d 1343). Defendant had contended that the court erred in relying upon the doctrines of hot pursuit and exigent

circumstances in refusing to suppress the evidence, but we concluded that defendant "failed to establish that he had standing to challenge the search of the apartment in which he was arrested, and thus Supreme Court properly refused to suppress the evidence seized therefrom," i.e., the buy money seized from defendant's person in the apartment (*id.* at 1344).  In reversing our order and remitting the matter to this Court to consider defendant's contentions raised but not addressed by us, the Court of Appeals concluded that "the People are required to alert the suppression court if they believe that the defendant has failed to meet his burden to establish standing" (*Hunter*, 17 NY3d 725, 727-728).

Upon remittitur, we agree with defendant that the court erred in refusing to suppress evidence seized by the police as a result of their entry into the apartment.  The record of the suppression hearing establishes that an undercover officer purchased narcotics from defendant in front of a small apartment building in the City of Rochester.  As the officer left that location, he signaled to a second officer who was nearby that the sale had been completed, and he provided the second officer with a description of the seller.  Upon driving past the location where the sale took place, the second officer observed defendant, who matched the description of the seller provided by the undercover officer.  The second officer then sent a radio broadcast of defendant's description and location to other officers.  As those officers left their vehicle, defendant ran into the building, where the pursuing officers lost sight of him.  The officers then set up a perimeter and began searching the interior of the building for defendant after the perimeter officers failed to indicate that he had exited the building.  The officers were unable to find defendant upon a search of all but one of the apartments in the building, and they concluded that he must be in that apartment, i.e., apartment #2.  They consulted the officer in charge, who authorized an entry into that apartment.  Approximately 25 minutes after the sale, the officers forcibly entered and found defendant in the bathroom of that apartment.  The buy money was recovered from defendant after he was placed in custody.

The warrantless intrusion into defendant's apartment was presumptively unreasonable and unconstitutional unless it was justified by one of the " 'carefully delineated' exceptions to the Fourth Amendment's Warrant Clause" (*People v Molnar*, 98 NY2d 328, 331; *see generally People v Mitchell*, 39 NY2d 173, 177-179, *cert denied* 426 US 953).  At the suppression hearing, the prosecution contended that defendant's mother, the tenant of the apartment, consented to the police entry, and that the entry was justified pursuant to the doctrines of hot pursuit and exigent circumstances.  The People failed to address in their brief on appeal any issues with respect to the mother's purported consent, and thus they are deemed to have abandoned any contentions with respect thereto (*see generally People v Butler*, 2 AD3d 1457, 1458, *lv denied* 3 NY3d 637).  We agree with defendant that the doctrines of hot pursuit and exigent circumstances do not justify the warrantless entry into the apartment.

Under the doctrine of hot pursuit, "a suspect may not defeat an

arrest which has been set in motion in a public place, and is therefore proper under [*United States v Watson*, 423 US 411, *reh denied* 424 US 979], by the expedient of escaping to a private place" (*United States v Santana*, 427 US 38, 43; *see People v Levan*, 62 NY2d 139, 145). "On the facts of this case, however, the claim of hot pursuit is unconvincing because there was no immediate or continuous pursuit of [defendant] from the scene of a crime" (*Welsh v Wisconsin*, 466 US 740, 753). To the contrary, the police did not know in which apartment, if any, defendant was located, and they forcibly entered apartment #2 as a last resort in an attempt to locate him. "There was certainly no evidence that the police were in hot pursuit of a fleeing felon" (*People v Ramos*, 206 AD2d 260, 261; *cf. People v Johnson*, 193 AD2d 35, 36, *affd* 83 NY2d 831; *People v Thomas*, 164 AD2d 874, *lv denied* 77 NY2d 883).

"In determining whether exigent circumstances are present, both the federal and state courts have applied a number of different factors. These factors include '(1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect is reasonably believed to be armed; (3) a clear showing of probable cause . . . to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that the suspect will escape if not swiftly apprehended; and (6) the peaceful circumstances of the entry' " (*People v McBride*, 14 NY3d 440, 446, *cert denied* ___ US ___, 131 S Ct 327). Furthermore, "the ultimate inquiry a suppression court must make is 'whether in light of all the facts of the particular case there was an urgent need that justifies a warrantless entry' " (*id.*). Applying those factors to this case, we conclude that there was no such urgent need.

Although there was strong probable cause to believe that defendant committed the serious crime of criminal sale of a controlled substance in the third degree, all of the other factors lead to the conclusion that there were no exigent circumstances. No evidence was introduced at the hearing tending to establish that defendant had acted violently in this case, or that he had a history of violence. At least one of the perimeter officers did not take his position, which was behind the building, until after defendant entered the building, and thus there was no strong likelihood that he was still inside the building when the police entered the apartment. Conversely, the perimeter was fully established when the police entered the apartment, and thus there was virtually no chance that he would escape after that time. Further, the entry was not peaceful, and there was no evidence indicating that defendant was armed. Finally, "there was no testimony indicating that it would have been especially burdensome for the officers to have obtained a warrant before effecting the arrest on this weekday afternoon" (*Ramos*, 206 AD2d at 261-262).

Consequently, we conclude that the warrantless entry into the apartment was not justified by any exception, and thus the court erred in refusing to suppress the buy money. We therefore reverse the judgment, vacate the plea, grant the motion, and remit the matter to

Supreme Court for further proceedings on the indictment.