People v Bauer (2025 NY Slip Op 50273(U))

[*1]

People v Bauer

2025 NY Slip Op 50273(U)

Decided on February 28, 2025

Justice Court Of The Town Of Orchard Park, Erie County

Pastrick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 28, 2025
Justice Court of the Town of Orchard Park, Erie County

The People of the State of New York,

against
Maria R. Bauer, Defendant.

Docket No. 24120010

For the People:
Nathan Zobrest, Esq.
Erie County District Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
For defendant:
Leonard D. Zaccagnino, Esq.
4819 South Park Avenue
Hamburg, New York 14075

Michael J. Pastrick, J.

Defendant was charged with two counts of misdemeanor driving while intoxicated in violation of Vehicle and Traffic Law §§ 1192 (2) (per se driving while intoxicated) and (3) (common law driving while intoxicated) following an incident that occurred at approximately 10:00 p.m. on Friday, November 29, 2024 and in which a vehicle that she owned was involved in a hit and run property damage accident in a different jurisdiction. The report of that hit and run incident prompted police in this jurisdiction to check defendant's residence for her vehicle. While conducting that check, the responding officer observed that vehicle being driven for a period of approximately 20 seconds and for a distance of between 70 and 100 yards.
That observation ended when the vehicle was driven into and parked in the garage of defendant's residence. At that point, the responding officer approached the vehicle, instructed its operator—who later was identified as defendant—to step out of the garage, and engaged defendant in an inquiry that preceded the administration of standard field sobriety tests, defendant's arrest, and defendant's submission to a chemical test. The results of those tests subsequently gave rise to the charges at issue here.
The parties did not engage in motion practice, and the matter proceeded to a nonjury trial held before this court. At the close of the People's case—which consisted principally of the testimony of the responding officer—, defendant applied for a trial order of dismissal in which she essentially contended, in relevant part, that she was the subject of an improper warrantless arrest that occurred inside of her home (see Payton v New York, 445 US 573 [1980]; People v [*2]Levan, 62 NY2d 139, 144 [1984]; People v Stockman, 159 Misc 2d 730 [Amherst Town Court 1993]). Implicit in that contention, to the court's understanding, is the theory that all evidence acquired as a result of the purported entry into defendant's home for the purpose of making that warrantless arrest should be suppressed, and that the motion for a trial order of dismissal should be granted based on what then would be a quantum of evidence legally insufficient to support the charges. 
The court reserved decision on that part of the motion, and similarly declined to render an immediate verdict following the close of proof (see CPL 350.10 [3] [d]; People v South, 41 NY2d 451, 454 [1977]). Now, for the reasons that follow, the court denies the part of defendant's motion seeking a trial order of dismissal based upon an alleged Payton violation, and convicts defendant of both of the counts of driving while intoxicated with which she is charged. I.

 A.
Turning first to the motion for a trial order of dismissal, the court notes that "[a] motion to suppress evidence must be made after the commencement of the criminal action in which such evidence is allegedly about to be offered" (CPL 710.40 [1]) "and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment" (CPL 255.20 [1]). Here, defendant did not move to suppress evidence before trial (CPL 710.40 [1]), and similarly did not apply for an order granting additional time to apply for such relief in advance of judgment (CPL 255.20 [1]). And, the court adds, no indication was made prior to that proceeding that defendant sought "a combined suppression hearing and nonjury trial" (People v Hanson, 256 AD2d 74, 74 [1st Dept 1998], lv denied 93 NY2d 874 [1999]). 
Defense counsel's approach to the suppression issue was wise. To raise the issue at the close of the People's case was to limit the ability of the People to adduce additional, more specific testimony with respect to issues of curtilage, consent, exigency, and hot pursuit—all of which would bear upon the question of the purported Payton violation (see Levan, 62 NY2d at 144; People v Hunter, 92 AD3d 1277, 1279-1280 [4th Dept 2012]). But, in view of those circumstances, to consider the merits of what effectively was the mid-trial motion to suppress evidence obtained as a result of the warrantless arrest of defendant would be unfair. For those reasons, the part of the motion for a trial order of dismissal based upon the alleged Payton violation is denied on the ground that it is untimely.

B.
Even assuming, arguendo, that what effectively was the suppression motion was properly made at the close of the People's case, it would be denied on the alternative ground that it lacks merit (cf. generally People v Concepcion, 17 NY3d 192, 196-197 [2011]). 

1.
"Both the Fourth Amendment and section 12 of article I of the New York Constitution expressly provide that the right of the people to be secure in their . . . houses . . . shall not be violated" (Levan, 62 NY2d at 144 [internal quotation marks omitted]). Protected in those amendments is "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" (People v Diaz, 33 NY3d 92, 98 [2019] [internal quotation marks omitted]). Said another way, "the Fourth Amendment has drawn a firm line at the entrance to the house" (Payton, 445 US at 590), such that, subject to exceptions [*3]grounded in circumstances involving consent, exigent circumstances, or hot pursuit, "a suspect cannot be arrested in his or her home unless the police have an arrest warrant, even if they have probable cause to make the arrest" (Barry Kamins, New York Search & Seizure § 3.04 [2] [a] [2018 ed]; see Levan, 62 NY2d at 144). 

 2.
The court's attention now turns to the merits of the questions whether defendant was arrested in an area protected by the Fourth Amendment, and whether the evidence giving rise to defendant's arrest for driving while intoxicated was "obtained as the result of a warrantless, nonconsensual entry into [defendant's] home" (People v Kozlowski, 69 NY2d 761, 762 [1987], rearg denied 69 NY2d 985 [1987]). 
To be sure, both a person's house and " 'the area immediately surrounding and associated with the home—what . . . cases [have] call[ed] the curtilage—[are] part of the home itself for Fourth Amendment purposes' " (People v Butler, 41 NY3d 186, 193 [2023], quoting Florida v Jardines, 569 US 1, 6 [2013]). Protected, too, is any area surrounding a house in which a resident has a legitimate expectation of privacy (see Diaz, 33 NY3d at 98, citing Katz v United States, 389 US 347, 361 [1967] [Harlan, J., concurring]). "If such expectations of privacy are lacking, [then] no Fourth Amendment violation occurs" (Diaz, 33 NY3d at 98). 
Here, the record reflects that, as defendant's vehicle was turned into her driveway, the responding officer steered his car behind defendant and activated the red and blue lights of that police vehicle. Defendant's vehicle proceeded into the garage to defendant's home, where it was stopped and parked. 
At that point, the responding officer exited his vehicle, defendant alighted from her automobile in the garage, and the responding officer asked defendant to speak with him outside of the garage. There is no indication that the responding officer entered the garage (cf. Stockman, 159 Misc 2d at 731-734), and the record reflects that defendant agreed to speak with him outside of that building. The record also reflects that the responding officer then observed that defendant had slurred speech, watery eyes, and an odor of an alcoholic beverage. Those observations, in turn, catalyzed the series of events that resulted in defendant's arrest. 
In view of that proof, the court concludes that "the incriminating evidence was not the product of an illegal arrest," and instead "was obtained in the course of the officer's investigation and before any [detention]" (Kozlowski, 69 NY2d at 762). "Nor were defendant's constitutional rights violated when the officer investigating the reported traffic incident entered upon defendant's property, [spoke to her from the driveway], and asked questions which defendant chose to answer" (id.). The responding officer "reached" that area "by means defendant had made available for public access to [her] house, and did not intrude into any area in which defendant had a legitimate expectation of privacy" (id.). "Absent evidence of intent to exclude the public, the entryway to a person's house"—including a driveway of this nature—"offers implied permission to approach" and solicit contact with defendant (id.). Consequently, where, as here, the responding officer used "an unobstructed access to defendant's home for the purpose of making inquiry, no warrant was required by the State or Federal Constitution" (id.; cf. Stockman, 159 Misc 2d at 731-734 [suppressing evidence obtained under similar circumstances in a proceeding involving the alleged operation of a motor vehicle while under the influence of alcohol after the arresting officer "walk(ed) into the garage just as the door was coming [*4]down"]).[FN1]

 II.
Turning finally to the verdict, a "Trial Judge is no more required to state thee factual basis for his verdict than is a jury" (People v Carter, 63 NY2d 530, 539 [1984]). Here, however, having considered the case (see CPL 320.20 [3] [d]), the court notes that it credits the testimony of the responding officer with respect to the standard field sobriety tests and the indicia of intoxication, as well as the evidence with respect to the chemical test result. Based on that evidence, the court convicts defendant of both counts of misdemeanor driving while intoxicated in violation of Vehicle and Traffic Law §§ 1192 (2) (per se driving while intoxicated) and (3) (common law driving while intoxicated) 

III.
Accordingly, for all of the foregoing reasons, the court denies the part defendant's motion seeking a trial order of dismissal based upon an alleged Payton violation. The court also renders a verdict convicting defendant of both counts of driving while intoxicated with which she is charged. Defendant shall return for sentencing at 5:00 p.m. on March 18, 2025. 
Dated: February 28, 2025
Hon. Michael J. Pastrick

Footnotes

Footnote 1: In view of its conclusion that there was no warrant was required to effectuate the arrest of defendant, the court does not address the consent (see People v Garvin, 30 NY3d 174, 180 [2017]), exigent circumstances (see People v McBride, 14 NY3d 440, 445-446 [2010], cert denied 562 US 931 [2010]), and hot pursuit (see Hunter, 92 AD3d at 1279-1280) exceptions to the Payton rule.