OPINION OF THE COURT
Kaye, J.
Police may not, absent exigent circumstances or consent, enter a suspect’s home to make a warrantless arrest. In view of the findings of no exigent circumstances and no consent, the order of the Appellate Division affirming defendant’s conviction should be reversed, as his warrant-less arrest in his apartment was unlawful and the failure to suppress evidence seized in a search incident to. that arrest was error.
Defendant was indicted for murder in the second degree and for criminal possession of a weapon in the second degree. Those charges stemmed from the shooting of Phillip Keeler on a Manhattan street on April 28,1979. Defendant’s motion to suppress a weapon seized in a search of his apartment incident to his arrest was denied, and after a jury trial defendant was convicted of criminal possession of a weapon in the third degree and later sentenced to an indeterminate term of one to three years’ imprisonment.[1]
The circumstances of defendant’s arrest are not in dispute. On May 2, 1979, an eyewitness identified Levan as the person who shot Keeler. The police went to defendant’s home, located on the second floor of an apartment building, on several occasions during the following week but did not find him there. Instructions were left with someone in the building to contact the police when defendant returned. On May 9, 1979 the police received a telephone call informing them that the defendant was at home, and two cars containing six policemen proceeded to defendant’s apartment. *143 At no time during the week since defendant was identified did the police attempt to obtain either an arrest warrant or a search warrant, although it is undisputed that they had probable cause to do so.
When the police arrived at the defendant’s apartment building, two officers proceeded to the second floor and secreted themselves at points in the hallway near the entrance to defendant’s apartment. They then observed a woman (one of defendant’s neighbors) approach defendant’s apartment carrying a pot of food, ring the doorbell, and knock on defendant’s door. When defendant opened his door, the officers saw him and, with guns drawn, bypassed the woman, entered the apartment and arrested defendant inside.
A frisk of defendant turned up nothing. Defendant was then handcuffed and one officer, who had observed defendant glancing at several pairs of shoes in an open closet about six feet away, turned his attention to those shoes. In one of defendant’s shoes, he found a gun, later stipulated to be the gun involved in the homicide. By that time several officers had entered defendant’s apartment and were conducting a general search throughout, which led to the discovery of ammunition in a kitchen drawer.[2]
The trial court denied defendant’s motion to suppress the gun seized in his apartment on the ground that the war-rantless entry into the apartment and arrest of defendant by the police was proper under People v Payton (45 NY2d 300), and that the seizure of the gun occurred in an incidental search valid under Chimel v California (395 US 752) and People v Fitzpatrick (32 NY2d 499). The gun was admitted into evidence, and the jury thereafter found defendant not guilty of murder or manslaughter but guilty of criminal possession of a weapon in the third degree.
After the verdict but before sentencing, the United States Supreme Court, in Payton v New York (445 US 573), reversed People v Payton (supra), and declared that section 177 of the New York Code of Criminal Procedure (predecessor to CPL 140.15, subd 4) was unconstitutional to the *144 extent that it provided that the police could, absent consent or exigent circumstances, enter a person’s home to arrest the person without a warrant. At sentencing, defendant moved for reconsideration of the denial of his suppression motion, and to set aside the verdict on the ground that the police had no right to arrest him and search his apartment without a warrant. The trial court, observing that there was nothing in the record to show exigent circumstances, nonetheless denied defendant’s motion on the ground that the admission of the gun was harmless error because defendant had decided to take the stand and testify, as part of the defense, that he had possessed the gun. Judgment was entered convicting defendant of criminal possession of a weapon in the third degree and sentencing him to a term of one to three years.
The Appellate Division affirmed by a divided court. The majority concluded that Payton v New York (supra) was not applicable to this case, and that defendant’s arrest in his apartment was proper under United States v Santana (427 US 38) because, once defendant opened his door in response to his neighbor’s knock, he was “clearly visible to the police and to anyone else who might be in the public hallway” and therefore “ ‘not in an area where [he] had any expectation of privacy’ ”. (91 AD2d, p 385.) We now reverse.
Under Payton v New York (445 US 573, supra) it is clear that, absent consent or exigent circumstances, no private dwelling may be entered by the police to arrest its occupant if an arrest warrant has not been obtained. The proscription against entry of a home is the key to Payton. Because “physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed” (United States v United States Dist. Ct., 407 US 297, 313), defendant has no burden to show he had an “expectation of privacy” in his apartment. Both the Fourth Amendment and section 12 of article I of the New York Constitution expressly provide that “the right of the people to be secure in their * * * houses * * * shall not be violated”.
It is clear that in this case defendant was arrested in his apartment and that the police forcibly entered without a warrant and without consent. The fact that the police may have been able to see defendant when he opened his door in *145 response to his neighbor’s knock does not affect the constitutional prohibition against such entry. In Riddick v New York (445 US 573, supra), the companion case to Payton, the police prior to entering Riddick’s apartment observed Riddick through a door opened by another occupant to the apartment. The Supreme Court did not find that fact to be significant, and found that the police had no more authority to enter Riddick’s apartment to arrest him than they did Payton’s.
United States v Santana (427 US 38, supra), relied upon by the majority below and by the People, concerned a different situation. There, the defendant was seen by the police while outside her home, holding what they believed to be destructible evidence. As the police approached, she retreated into the vestibule of her home and the police, in hot pursuit, followed her in and arrested her there. The court noted that “a suspect may not defeat an arrest which has been set in motion in a public place, and is therefore proper under Watson [United States v Watson, 423 US 411], by the expedient of escaping to a private place.” (427 US, p 43.) Santana furnishes no support for the actions of the police in this case, given the Supreme Court’s pronouncement in Payton that “the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.” (445 US, p 590.)
The error in failing to suppress the gun seized in the search incident to defendant’s unlawful arrest was not harmless. As the error here is of constitutional dimension, the People must show “that there is no reasonable possibility that the error might have contributed to defendant’s conviction and that it was thus harmless beyond a reasonable doubt”. (People v Crimmins, 36 NY2d 230, 237.) It cannot be shown beyond a reasonable doubt that the introduction of the weapon and of testimony that it was found in defendant’s home did not contribute to defendant’s conviction on the weapons possession charge. While it is true, as the trial court pointed out, that defendant did take the stand and did, as part of a justification defense to the murder charge, admit possessing a weapon, it is reasonable to conclude that defendant did so in order to overcome the *146 impact of the illegally seized evidence, and therefore that testimony is tainted by the same illegality that rendered the evidence itself inadmissible. (Harrison v United States, 392 US 219, 223.)
The arrest of defendant was improper. The police had neither a warrant nor consent to enter defendant’s apartment. There was an affirmed finding that no exigent circumstances existed; the police themselves cannot by their own conduct create an appearance of exigency. The gun seized in defendant’s apartment and testimony as to its discovery there, as fruits of that unlawful arrest, should have been suppressed, and their admission was not harmless error. Accordingly, the order of the Appellate Division should be reversed, and the indictment dismissed.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer and Simons concur.
Order reversed, motion to suppress granted and indictment dismissed.

. The court, without request, charged the jury on the offense of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]) as a lesser included offense of the indicted offense of criminal possession of a weapon in the second degree (Penal Law, § 265.03). In view of the result reached today, we need not consider whether the former is a lesser included offense of the latter, or whether defendant preserved his right to contest the charge by proper objection.

. The People did not introduce the ammunition the police found in the kitchen. Since the arrest was unlawful, we do not reach the issue of whether the search would have been proper as a search incident to a lawful arrest.