■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 17, 1986, convicting him of robbery in the first degree (two counts) and burglary in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Winick, J.), of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was arrested in his residence in violation of *Payton v New York* (445 US 573), and that his inculpatory statement to the police therefore should have been suppressed. It is well settled that the factual determinations of a hearing court are to be accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record *(see, People v Cartier,* 149 AD2d 524). The hearing testimony in this case supports the court's conclusion that the defendant was lawfully arrested as part of a continuous pursuit by police which originated in a public place. Inasmuch as a criminal suspect may not thwart an otherwise proper arrest which has been set in motion in a public place by retreating into his residence *(see, United States v Santana,* 427 US 38; *People v Bero,* 139 AD2d 581), the hearing court properly rejected the defendant's claim

of a *Payton* violation. In any event, even if a *Payton* violation had been demonstrated in this case, suppression of the statement would not be required, as the United States Supreme Court has recently held that "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of *Payton*" *(New York v Harris,* 495 US —, —, 110 S Ct 1640, 1644-1645).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, we find that the defendant's sentence was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.