================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 148
The People &c.,
         Respondent,
      v.
Benjamin Jenkins,
         Appellant.


            Allen Fallek, for appellant.
            Sholom J. Twersky, for respondent.


PIGOTT, J.:

         At issue in this appeal is whether a police officer's

warrantless search of a closed metal box in defendant's home was

reasonable under the "exigent circumstances" exception to the

warrant requirement.  We conclude that it was not.

         Shortly after midnight on January 1, 2010, New York

- 1 -

City police officer Kevin Brennan and another officer entered an apartment building after hearing gunshots and observing muzzle fire from the building's roof.  As the officers ascended the stairwell, they heard a gunshot directly above them.  When the officers reached the eighth floor, they heard voices from the adjoining hallway.  They entered the hallway where Officer Brennan observed defendant holding a firearm.

Defendant and another man then fled into an apartment. The officers pursued defendant into the apartment, entering through the use of a sledgehammer to break down the locked and unanswered door.  Upon entering the apartment they observed two women in the living room, one of whom was in a wheelchair.  The women denied that anyone had entered the apartment.

The officers searched the apartment and located defendant and his cohort hiding under a bed.  Officer Brennan and another officer removed the men from the room, frisked them, placed them in handcuffs, and took them to the living room to join the two women.  By this time, there were several officers in the room.  Officer Brennan then returned to the room where he had initially found defendant and searched for the gun.  Finding none, he entered an adjoining bedroom and found a 12" by 12" silver box on the floor.  He picked up the box, shook it, and, upon hearing a sound, opened it and discovered the gun.  He returned to the living room and placed defendant under arrest.

At the conclusion of the suppression hearing, the

People argued that exigent circumstances justified Officer Brennan's warrantless search of the box. The defense countered that by the time Officer Brennan searched the box, defendant, his cohort, and the two women were all under the watchful eye of the officers in the living room, and any exigency had for all intents and purposes ceased. The suppression court concluded that the warrantless entry into the apartment was proper, but that once defendant was handcuffed and secured, the exigency had abated and the subsequent warrantless search of the box was improper.[1] On appeal, the Appellate Division reversed, concluding that the same exigent circumstances that justified the officers' entry into the apartment -- the gunfire on the roof and stairwell, and Officer Brennan's observation of defendant holding a gun in the hallway -- justified the warrantless search for the gun (100 AD3d 924, 925 [2d Dept 2012]). A Judge of this Court granted defendant leave to appeal and we now reverse.

"[S]ubject only to carefully drawn and narrow exceptions, a warrantless search of an individual's home is per se unreasonable and hence unconstitutional" (People v Knapp, 52 NY2d 689, 694 [1981]). One exception, commonly referred to as the "exigent circumstances" exception, dictates that police may act without a warrant where they possess probable cause to search but "urgent events make it impossible to obtain a warrant in

_____

[1] Defendant does not challenge on this appeal the officers' initial entry into the apartment.

sufficient time to preserve evidence or contraband threatened with removal or destruction" (id. at 695-696 [citations and internal quotations omitted]; see New York Suppression Manual § 12.02 [1] [b]).  Even in such cases, however, "the scope of the conduct thus sanctioned is strictly limited by the necessities of the circumstances in which it arises" (Knapp, 52 NY2d at 696).  The People have the burden of establishing that the exigencies of the situation justified the warrantless search (see Matter of Kwok T., 43 NY2d 213, 220 [1977]).

In this instance, the People failed to meet that burden.  There is no record support for the Appellate Division's conclusion that exigent circumstances justified the search of the closed box.  The search was unreasonable as a matter of law because, by the time Officer Brennan opened the box, any urgency justifying the warrantless search had abated.  The officers had handcuffed the men and removed them to the living room where they (and the two women) remained under police supervision.  At the time Officer Brennan searched the box and discovered the gun, the police "were in complete control of the house" and "[a]ll occupants were out of commission" (Knapp, 52 NY2d at 696-697).  At that point, contrary to the People's contention, there was no danger that defendant would dispose of or destroy the weapon (see Matter of Kwok T., 43 NY2d at 220), nor was there any danger to the public or the police (see Knapp, 52 NY2d at 697).  Absent the presence of any other exception to the warrant requirement, such

as a search incident to arrest or the gun being in plain view (see People v Ciccarelli, 161 AD2d 952, 953 [3d Dept 1990]),[2] the police were required to obtain a warrant prior to searching the box.

Accordingly, the order of the Appellate Division should be reversed, the branch of defendant's motion to suppress the physical evidence should be granted and the indictment should be dismissed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed, that branch of defendant's motion to suppress the physical evidence granted and the indictment dismissed.  Opinion by Judge Pigott.  Chief Judge Lippman and Judges Graffeo, Read, Smith, Rivera and Abdus-Salaam concur.

Decided October 16, 2014

---

[2] The People also assert in their brief that the warrantless search of the box was supported by the "emergency doctrine" exception.  Assuming that this argument was preserved, it is without merit.  Under the "emergency doctrine," the main objective is the protection of life or property (see New York Suppression Manual § 12.03 [1] [noting that the emergency doctrine differs from the exigent circumstances doctrine because "the primary objective" of the former is "protection of life and property," whereas the latter involves "the protection of evidence from destruction or concealment or the arrest of a wrongdoer"]; see e.g. People v Molnar, 98 NY2d 328, 331-335 [2002]; People v Mitchell, 39 NY2d 173 [1976], cert denied 426 US 953 [1976]).  Here, the only inference that can be drawn from the suppression record is that the claimed emergency -- the safety of the women in the apartment -- had abated by the time Officer Brennan searched the box, such that the officers had no "reasonable grounds to believe" there was "an emergency at hand and an immediate need for the their assistance for the protection of life or property" (Mitchell, 39 NY2d at 177).