◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HORATIO MORRIS, Respondent. [4 NYS3d 305]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kohm, J.), dated March 11, 2013, as granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed insofar as appealed from.

On April 24, 2012, two police officers observed a verbal dispute between the defendant, who was standing on the sidewalk, and the occupants of a van. The officers then observed the defendant jump over a white picket fence in front of a residence and proceed down a driveway to the left of the residence. The defendant then climbed over a green slatted chain link fence, approximately six feet in height, at the end of the driveway. Through some spaces in the fence, one of the officers observed the defendant standing next to a barbeque grill in the backyard of the residence. The defendant then climbed back over the chain link fence carrying a black plastic bag,

dropped the bag in the driveway, and yelled, "This is my house." The bag landed with "a heavy thud or a clank." The officers directed the defendant "to stop," at which point the defendant went into the residence through the front door.

One of the officers then went onto an adjacent property, climbed over a three-foot-tall chain link fence into the defendant's front yard, approached the black plastic bag on the driveway, looked inside, and yelled "gun." The officers called the Emergency Services Unit, and, upon their arrival, officers from that unit forcibly entered the residence without a warrant and arrested the defendant.

In the order appealed from, the Supreme Court granted that branch of the defendant's omnibus motion which was to suppress the physical evidence, on the ground that the warrantless entry by the police onto the defendant's property was not justified.

The curtilage of the home, defined as the area immediately surrounding and associated with the home or the area that is related to the intimate activities of the home—is part of the home itself (see Florida v Jardines, 569 US —, —, 133 S Ct 1409, 1414 [2013]; Oliver v United States, 466 US 170, 180 [1984]). The Supreme Court properly determined that the defendant's driveway and front yard, which were completely fenced-in and located in close proximity to his home, were within the curtilage of his home. The defendant manifested his expectation of privacy and that expectation is one that society recognizes as reasonable (see People v Gravano, 67 AD2d 988 [1979], affd 49 NY2d 1016 [1980]; People v Quattrachi, 63 AD2d 655 [1978], affd 47 NY2d 817 [1979]). Further, while the officers had an objective, credible reason to approach the defendant to request information (see People v Moore, 6 NY3d 496, 498 [2006]; People v De Bour, 40 NY2d 210, 223 [1976]), the defendant's conduct of dropping the bag, which produced "a heavy thud or a clank," and ignoring the officer's request to stop did not escalate the encounter to justify pursuit (see People v Hollman, 79 NY2d 181, 185 [1992]; People v Howard, 50 NY2d 583, 590 [1980]).

Finally, the People failed to articulate any exigent circumstances justifying the warrantless entry onto the defendant's property and ensuing search, and the record does not reveal any such circumstances (see People v Jenkins, 24 NY3d 62, 65 [2014]; People v Mormon, 100 AD3d 782, 783 [2012]).

The defendant's remaining contentions are without merit. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.