■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL E. AVINGER, Appellant. [33 NYS3d 423]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 24, 2013, convicting him of burglary in the third degree, criminal possession of stolen property in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the plea is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the

matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

According to the evidence presented at the suppression hearing, on January 2, 2012, a detective of the New York City Police Department was assigned to investigate a burglary that had occurred that day at a pawn shop in Queens. An eyewitness told the detective that he had observed two individuals load a big file cabinet from the pawn shop into a car bearing a certain license plate number. After performing a computer check on the license plate number, the detective learned that the car was registered to a woman who lived in a row house on 204th Street in Queens (hereinafter the subject house).

The following day, January 3, 2012, the detective went to the subject house. He knocked on the door and rang the doorbell several times, but received no response. The detective then walked through the yard of a house located two doors down from the subject house (hereinafter the neighboring house), and entered the rear yard of the neighboring house. From the rear yard of the neighboring house, the detective entered an alleyway that provided access to 203rd Street for the rear yards and garages of the houses on 204th Street. The detective observed a vehicle parked in the alleyway bearing the license plate number given by the eyewitness. The vehicle was parked opposite a detached garage located in the rear yard of the subject house. From the alleyway, the detective looked through an open side window of the garage, and observed several boxes containing video game consoles stacked inside.

The detective then entered the fenced-in rear yard of the subject house by opening a gate and walking through it. After hearing voices coming from inside the garage, the detective identified himself by saying "police." As he did so, he looked through the window of the garage again, and saw hundreds of video games inside. The defendant and his codefendant exited the garage through a rear door leading to the rear yard of the subject house, and the detective placed them under arrest. The detective then recovered a sum of money from the defendant's person, and video game consoles, video games, and a notebook from the garage. Subsequently, the detective learned that the video game consoles and video games recovered from the garage had belonged to a video game store that had been burglarized on the morning of January 3, 2012. At some point, the detective learned that the defendant lived at the subject house.

The defendant was subsequently charged with burglary in the third degree, among other crimes, arising out of the burglary of the video game store. Following the denial of that

branch of his omnibus motion which was to suppress physical evidence, the defendant pleaded guilty to the charged crimes. The defendant now appeals from the judgment of conviction. We reverse.

"[S]ubject only to carefully drawn and narrow exceptions, a warrantless search of an individual's home is per se unreasonable and hence unconstitutional" (*People v Jenkins*, 24 NY3d 62, 64 [2014] [internal quotation marks omitted]). In addition, "absent consent or exigent circumstances, no private dwelling may be entered by the police to arrest its occupant if an arrest warrant has not been obtained" (*People v Levan*, 62 NY2d 139, 144 [1984]; *see Payton v New York*, 445 US 573 [1980]). "Because 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed,' [a] defendant has no burden to show that he [or she] had an 'expectation of privacy' " in his or her home (*People v Levan*, 62 NY2d at 144 [citation omitted], quoting *United States v United States Dist. Court for Eastern Dist. of Mich.*, 407 US 297, 313 [1972]). "The curtilage of the home, defined as the area immediately surrounding and associated with the home or the area that is related to the intimate activities of the home—is part of the home itself" (*People v Morris*, 126 AD3d 813, 814 [2015]; *see United States v Dunn*, 480 US 294, 301 [1987]; *People v Theodore*, 114 AD3d 814, 816 [2014]).

Here, in entering the defendant's fenced-in rear yard by opening the gate and going through it, the detective entered the curtilage of the defendant's home (*see People v Morris*, 126 AD3d at 814; *People v Theodore*, 114 AD3d at 816; *People v Quattrachi*, 63 AD2d 655, 656 [1978], *affd* 47 NY2d 817 [1979]). The People have failed to articulate any exigent circumstances justifying this intrusion and the ensuing warrantless arrest and search (*see People v Jenkins*, 24 NY3d at 65; *People v Morris*, 126 AD3d at 814; *People v Quattrachi*, 63 AD2d at 656). Accordingly, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the video game consoles, video games, and notebook recovered from the garage, and the money recovered from the defendant's person.

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.