The People of the State of New York, Respondent, v Richard Caputo, Appellant. [63 NYS3d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Harrington, J.), rendered May 26, 2016, convicting him of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, as a felony, in violation of Vehicle and Traffic Law § 1192 (4-a), driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192 (3), driving while ability impaired by drugs, as a felony, in violation of Vehicle and Traffic Law § 1192 (4), aggravated unlicensed operation of a motor vehicle in the first degree (three counts), aggravated unlicensed operation of a motor vehicle in the second degree (three counts), aggravated unlicensed operation of a motor vehicle in the third degree, reckless driving, reckless endangerment in the second degree, license restriction violation, and unlawful fleeing a police officer in a motor vehicle in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials, his refusal to submit to a chemical blood test, and physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The evidence adduced at the suppression hearing established that, on February 25, 2015, a detective was assisting another officer at the scene of a car accident in a residential neighborhood when he observed the defendant driving at an excessive rate of speed. The detective pursued the defendant in his police vehicle with its lights and sirens activated. The defendant failed to stop, and during the pursuit the defendant ran through several stop signs and failed to stay in his lane of travel. The defendant eventually turned his vehicle into the

driveway of a residential property that was later identified as his home, and crashed into a detached garage. The detective exited his vehicle and approached the defendant's vehicle, and observed that the defendant was no longer in the vehicle, the driver's side door was open, the vehicle was still running, the transmission was left in drive, and there was an empty beer bottle in the center console. A side door to the garage was open. After waiting for assistance, the detective entered the garage without a warrant and found the defendant hiding in the rafters. The police officers placed the defendant in handcuffs inside the garage. The defendant subsequently made several incriminating statements and refused to submit to a chemical blood test.

The defendant was charged with, among other things, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, as a felony, in violation of Vehicle and Traffic Law § 1192 (4-a), reckless driving, reckless endangerment in the second degree, and unlawful fleeing a police officer in a motor vehicle in the third degree. Following the denial of that branch of his omnibus motion which was to suppress his statements, his refusal to submit to a chemical blood test, and physical evidence, the defendant pleaded guilty to the charged crimes. The defendant appeals.

"Because physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed," a defendant has no burden to show that he or she had an expectation of privacy in his or her home (*People v Levan*, 62 NY2d 139, 144 [1984] [internal quotation marks omitted]; *see United States v United States Dist. Court for Eastern Dist. of Mich.*, 407 US 297, 313 [1972]). "The curtilage of the home, defined as the area immediately surrounding and associated with the home or the area that is related to the intimate activities of the home—is part of the home itself" (*People v Morris*, 126 AD3d 813, 814 [2015]; *see United States v Dunn*, 480 US 294, 301 [1987]; *People v Avinger*, 140 AD3d 895, 897 [2016]; *People v Theodore*, 114 AD3d 814, 816 [2014]). Here, we agree with the defendant that his detached garage was within the curtilage of his home (*see People v Avinger*, 140 AD3d at 897; *People v Theodore*, 114 AD3d at 816; *People v Vennor*, 176 AD2d 1217, 1218 [1991]; *see also People v Morris*, 126 AD3d at 814) and, therefore, the People were required to establish that the detective's entry was justified by an exception to the warrant requirement (*see People v Levan*, 62 NY2d at 144).

Under the circumstances of this case, the People established that the detective's entry was justified by the doctrine of hot

pursuit. "[S]ubject only to carefully drawn and narrow exceptions, a warrantless search of an individual's home is per se unreasonable and hence unconstitutional" (*People v Jenkins*, 24 NY3d 62, 64 [2014] [internal quotation marks omitted]; *see People v Avinger*, 140 AD3d at 895). However, "exigent circumstances or a true 'hot pursuit' may justify a warrantless entry" (*People v Watson*, 115 AD3d 687, 688 [2014], quoting *United States v Santana*, 427 US 38, 43 [1976]; *see Payton v New York*, 445 US 573 [1980]; *People v Levan*, 62 NY2d at 144; *People v Avinger*, 140 AD3d at 897). "[A] criminal suspect may not thwart an otherwise proper arrest which has been set in motion in a public place by retreating into his residence" (*People v Thomas*, 164 AD2d 874, 874 [1990]; *see United States v Santana*, 427 US at 43; *People v Mitchell*, 290 AD2d 518, 519 [2002]). Here, the exigent circumstances justifying the hot pursuit of the defendant into his garage included the defendant's observed erratic and dangerous driving, the crashing and abandoning of his vehicle, and the police officers' peaceful entry through the open door of the garage (*see People v McBride*, 14 NY3d 440, 446 [2010]; *see also Matter of Stark v New York State Dept. of Motor Vehs.*, 104 AD2d 194, 194-195 [1984], *affd* 65 NY2d 720 [1985]; *cf. People v Cruz*, 41 Misc 3d 1222[A], 2013 NY Slip Op 51806[U] [Crim Ct, Bronx County 2013]).

The Supreme Court properly refused to consider the defendant's affidavit, which was submitted three weeks after the suppression hearing had concluded (*see* CPL 710.60).

Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements, his refusal to submit to a chemical blood test, and physical evidence. Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.