People v Lively (2018 NY Slip Op 05413)





People v Lively


2018 NY Slip Op 05413


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


600 KA 13-01192

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEVONTE S. LIVELY, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 13, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that he was denied effective assistance of counsel and was denied a fair trial by prosecutorial misconduct. We reject both contentions.
Viewing the evidence, the law and the circumstances of the case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant specifically contends that defense counsel was ineffective in failing to make a timely motion to suppress evidence that the police had obtained from a garbage tote located directly outside the attached garage of his grandmother's house. Although we agree with defendant that the search of the garbage tote in the curtilage of his grandmother's house is presumably unconstitutional (see People v Morris, 126 AD3d 813, 814 [2d Dept 2015], lv denied 25 NY3d 1168 [2015], citing Florida v Jardines, 569 US 1, 5-6 [2013], and Oliver v United States, 466 US 170, 180 [1984]; cf. California v Greenwood, 486 US 35, 39-40 [1988]; People v Ramirez-Portoreal, 88 NY2d 99, 113 [1996]), we conclude that, in light of the particular circumstances that led the police officers to the premises in search of a recently missing 17-year-old girl, that limited search fell within the recognized emergency exception to the warrant requirement (see People v Krom, 61 NY2d 187, 198-199 [1984]; see also People v Doll, 21 NY3d 665, 670-671 [2013], rearg denied 22 NY3d 1053 [2014], cert denied 572 US &mdash, 134 S Ct 1552 [2014]). Thus, even assuming, arguendo, that defendant had standing to challenge the search of the tote located at his grandmother's home (see People v Hill, 153 AD3d 413, 416 [1st Dept 2017]; cf. People v Ponder, 54 NY2d 160, 166 [1981]), we conclude that the motion to suppress evidence obtained from the tote, if timely made, would not have been successful and that defense counsel was not ineffective in failing to make that motion in a timely manner (see generally People v Caban, 5 NY3d 143, 152 [2005]).
Defendant also contends that defense counsel was ineffective in failing to make a timely motion to suppress historical cell site location information (CSLI) and text messages sent to and received by a cellular phone being used by defendant. The CSLI and text messages were obtained from the cellular service provider's records. We note as a preliminary matter that it is of no moment that the phone was not registered to defendant. "One need not be the owner of the property for his [or her] privacy interest to be one that the Fourth Amendment protects, so long as he [or she] has the right to exclude others from dealing with the property" (United States v Perea, 986 F2d 633, 639-640 [2d Cir 1993]; see United States v Ashburn, 76 F Supp 3d 401, 412 [ED [*2]NY 2014]). Here, although the phone was registered to defendant's relative, it is undisputed that the phone was used exclusively by defendant.
With respect to the merits of defendant's contentions, the Supreme Court recently held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI" (Carpenter v United States, — US &mdash, &mdash, 138 S Ct 2206, 2217 [2018]). Even assuming, arguendo, that the holding in Carpenter applies with equal force to the contents of text messages sent to and received by the phone, we nevertheless conclude that there is little or no chance that the motion to suppress the historical CSLI or text messages, if timely made, would have been successful. The Supreme Court recognized that "case-specific exceptions may support a warrantless search of an individual's cell-site records under certain circumstances" (id. at 2222). "One well-recognized exception applies when the exigencies of the situation make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment . . . Such exigencies include the need to . . . protect individuals who are threatened with imminent harm" (id. at 2222-2223 [internal quotation marks omitted]; see Riley v California, — US &mdash, — , 134 S Ct 2473, 2494 [2014]; see e.g. United States v Caraballo, 831 F3d 95, 101 [2d Cir 2016], cert denied — US &mdash, 137 S Ct 654 [2017]; People v Valcarcel, 160 AD3d 1034, 1038 [3d Dept 2018], lv denied — NY3d — [May 31, 2018]). Where, as here, "law enforcement is confronted with an urgent situation, such fact-specific threats will likely justify the warrantless collection of CSLI. Lower courts, for instance, have approved warrantless searches related to . . . child abductions" (Carpenter, — US at &mdash, 138 S Ct at 2223). The Court was very clear that its decision in Carpenter did not "call into doubt warrantless access to CSLI in such circumstances" (id.). Applying the decision in Carpenter to CSLI as well as text messages, we conclude that defense counsel was not ineffective in failing to make a timely motion to suppress either the CSLI or the text messages (see generally Caban, 5 NY3d at 152).
Defendant contends that he was denied a fair trial by prosecutorial misconduct on summation and that defense counsel was ineffective in failing to object to such misconduct. We agree with defendant that the prosecutor committed misconduct when she mischaracterized the DNA evidence by stating that defendant's DNA "matched" DNA found on the victim's acrylic nail (see e.g. People v Wright, 25 NY3d 769, 781-783 [2015]; People v Rozier, 143 AD3d 1258, 1260 [4th Dept 2016]; People v Jones, 134 AD3d 1588, 1589 [4th Dept 2015]). Although defense counsel did not object to the comment to preserve defendant's challenge for our review (see People v Garrow, 126 AD3d 1362, 1363 [4th Dept 2015]), we do not believe that reversal is warranted or that the failure to object rendered defense counsel ineffective. The testimony at trial established that defendant could not be excluded as the source of the DNA found on the victim's nail and that the chance of randomly selecting an unrelated individual as the source of the DNA was less than one in 114,000. Here, as in People v Glass (150 AD3d 1408 [3d Dept 2017], lv denied 30 NY3d 1115 [2018]), the sole mischaracterization of the DNA evidence " did not rise to the flagrant and pervasive level of misconduct [that] would deprive defendant of due process,' " (id. at 1411), and defense counsel was not ineffective in failing to object to the single improper comment (see People v Boyd, 159 AD3d 1358, 1363 [4th Dept 2018]; cf. Wright, 25 NY3d at 771-772).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court