People v Whitfield (2020 NY Slip Op 04975)





People v Whitfield


2020 NY Slip Op 04975


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-02130
 (Ind. No. 1155/16)

[*1]The People of the State of New York, respondent,
v
Keanu Whitfield, appellant.


Janet E. Sabel, New York, NY (Ellen Dille of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbott, and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered January 3, 2018, convicting him of criminal possession of a weapon in the third degree, criminal possession of a firearm, and attempted tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On December 23, 2015, police officers observed a vehicle bearing out-of-state license plates accelerate quickly and attain a speed approaching twice the posted speed limit in a residential neighborhood. The officers activated the lights and sirens on their vehicle and attempted to stop the offending vehicle for a traffic violation. However, the vehicle did not stop and continued by making a left turn without signaling onto another street. The police officers followed and, although they briefly lost sight of the vehicle, after they had traveled less than two blocks, they located the vehicle parked in front of the defendant's house. The police officers observed two individuals exit the vehicle and run toward the back of the defendant's house. The defendant's house is surrounded by a fence, which had an open gate. A police officer briefly entered the property through the open gate in an effort to locate the driver of the vehicle. While the police officer was standing on the driveway near the back of the defendant's house, he observed the defendant open a side door to his house, look around, and throw a pair of gym shorts over the back fence of the property and onto the adjoining property. The officer heard the defendant utter a profanity and observed a firearm coming out of the gym shorts as it flew through the air.
The fenced-in portion of the property where the police officer was standing when he observed the defendant throw the gun, which was in close proximity to the defendant's home, was part of the home's curtilage (see United States v Dunn, 480 US 294, 301; People v Morris, 126 AD3d 813, 814; People v Theodore, 114 AD3d 814, 816). Accordingly, the People were required to establish that the police officer's entry was justified by an exception to the warrant requirement in order to establish that the entry was lawful (see People v Caputo, 155 AD3d 648, 649). Here, the police officer's brief, peaceful entry into the curtilage of the defendant's property was justified because he was in hot pursuit of the driver of the vehicle (see id. at 650; People v Watson, 115 AD3d 687, 688). Contrary to the defendant's contention, the Supreme Court ruled on the issue of the legality of the police conduct and we are not precluded from reviewing it (see CPL 470.15; People [*2]v Kamenev, 179 AD3d 837, 839; People v Thomas, 167 AD3d 1050, 1051).
We also agree with the Supreme Court's determination that the defendant's act of throwing the gym shorts and the gun over the fence was not precipitated by the police officer's presence on his property, and the gym shorts and gun were abandoned by the defendant. " Where . . . a defendant abandons property, there is no search or seizure'" (People v Burkett, 98 AD3d 746, 747, quoting People v Hogya, 80 AD2d 621, 621). "A defendant abandons property when he voluntarily relinquishes possession in a calculated decision' in response to police conduct" (People v Oliver, 39 AD3d 880, 880, quoting People v Ramirez-Portoreal, 88 NY2d 99, 110). Here, the defendant's actions in briefly exiting his home with a gun concealed in shorts and throwing the items over a fence onto adjoining property demonstrate that he undertook an "independent act involving a calculated risk," as opposed to a "spontaneous reaction to a sudden and unexpected confrontation with police" (People v Boodle, 47 NY2d 398, 403-404).
For these reasons, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.
The defendant's contention that the Supreme Court violated the procedure set forth in People v O'Rama (78 NY2d 270) in its handling of a jury note (see CPL 310.30) is unpreserved for appellate review (see People v Nunez-Garcia, 178 AD3d 1087, 1090; People v Bryant, 82 AD3d 1114, 1114) and, in any event, is without merit. The jury note requested evidentiary exhibits. A court's handling of a jury note requesting evidentiary exhibits does not implicate CPL 310.30 or the O'Rama requirements (see People v Headley, 170 AD3d 746, 747; People v Zelaya, 147 AD3d 986, 987; People v Bryant, 82 AD3d 1114). Additionally, the defendant's contention that the record does not demonstrate that the court meaningfully responded to the jury note is also without merit. "[T]he defendant's speculation that the requested items were not provided to the jury is insufficient to rebut the presumption of regularity in the proceedings" (People v Nunez-Garcia, 178 AD3d at 1090; see People v Badia, 130 AD3d 744, 746).
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court