People v Cooper (2021 NY Slip Op 02407)





People v Cooper


2021 NY Slip Op 02407


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2013-09043
 (Ind. No. 7231/12)

[*1]The People of the State of New York, respondent,
v
Calvin Cooper, appellant.


Law Offices of Kenneth F. Smith, PLLC, Brooklyn, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Rhea A. Grob of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered August 19, 2013, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court violated its obligations under CPL 310.30 and People v O'Rama (78 NY2d 270, 277-278) in responding to a jury note, which requested photographs that had been admitted into evidence, is unpreserved for appellate review (see CPL 470.05[2]; People v Whitfield, 186 AD3d 1414, 1415; People v Nunez-Garcia, 178 AD3d 1087, 1090). In any event, the defendant's contention is without merit. Defense counsel agreed that the court could furnish the jury with exhibits upon its request, without reconvening. Where a defendant consents beforehand, a court may furnish the jury with evidentiary exhibits without reconvening (see CPL 310.20[1]; People v Damiano, 87 NY2d 477, 487; People v Headley, 170 AD3d 746, 747; People v Kirk, 27 AD3d 383, 384). The court's handling of the jury note requesting evidentiary exhibits did not implicate either CPL 310.30 or the provisions outlined in People v O'Rama (78 NY2d 270) (see People v Damiano, 87 NY2d at 487; People v Whitfield, 186 AD3d at 1415; People v Headley, 170 AD3d at 747).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance [*2]of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions are without merit.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court