People v Johns (2022 NY Slip Op 06818)

People v Johns

2022 NY Slip Op 06818

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2016-01660
 (Ind. No. 9630/13)

[*1]The People of the State of New York, respondent,
v
Akbar Johns, appellant.

Twyla Carter, New York, NY (Will A. Page and Naila Siddiqui of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil J. Firetog, J.), rendered February 5, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, murder in the second degree in connection with a shooting, which occurred in Brooklyn on August 24, 2012. At trial, the People presented evidence that the defendant aimed a gun in the direction of a group of boys in a rival gang and fired the weapon three times, striking and killing one of those boys. The People also presented evidence of the defendant's statements to friends that his "family" was being threatened by the rival gang and he was his gang's "only protection." After the shooting, the defendant threw his gun into the bushes and fled to Maryland, where he was subsequently apprehended. Following trial, the jury found the defendant guilty of murder in the second degree and criminal possession of a weapon in the second degree.
There is no merit to the defendant's contention that the Supreme Court violated its obligations under CPL 310.30 and his right to be present when the court was responding to a portion of a particular jury note, which requested certain evidentiary exhibits (see People v Cooper, 193 AD3d 966, 967). Defense counsel agreed that the court could furnish the jury with exhibits upon its request without reconvening. "Where a defendant consents beforehand, a court may furnish the jury with evidentiary exhibits without reconvening" (id.; see CPL 310.20; People v Edwards, 208 AD3d 510, 516; People v Hernandez, 198 AD3d 465, 466). The defendant's remaining contentions related to the handling of the subject jury note are without merit (see People v Harriott, 181 AD3d 863, 863-864).
The defendant contends that the evidence was legally insufficient to support his conviction of murder in the second degree because the People failed to prove that he acted with the intent to kill the victim. However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to [*2]establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's intent to kill the victim could be inferred from the totality of his conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301; People v Bryant, 39 AD3d 768, 769; see also People v Lopez, 155 AD3d 892, 893).
The defendant's challenge to certain comments made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court