People v Johns (2026 NY Slip Op 01531)

People v Johns

2026 NY Slip Op 01531

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2019-00414
 (Ind. No. 2280/12)

[*1]The People of the State of New York, respondent,
vDenny Johns, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen and Patterson Belknap Webb & Tyler LLP [Michael F. Buchanan and Rhick Bose], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered December 12, 2018, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions of attempted murder in the second degree and assault in the first degree because the People failed to prove that he acted with the intent to kill or seriously injure the victim is unpreserved for appellate review (see CPL 470.05[2]; People v Lewis, 44 NY3d 350; People v Gray, 86 NY2d 10, 20). In any event, viewing the evidence in the light most favorable to the prosecution, we find that the evidence was legally sufficient to establish the defendant's guilt of attempted murder in the second degree and assault in the first degree beyond a reasonable doubt (see People v Kwaw, 239 AD3d 884, 885; People v Johns, 210 AD3d 1108, 1109; People v Stanley, 124 AD3d 919, 919). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644). The defendant's intent to kill and/or seriously injure the victim could be inferred from the totality of the defendant's conduct and the surrounding circumstances (see People v Johns, 210 AD3d at 1109).
The defendant's contention that he was deprived of a fair trial by various comments made by the prosecutor on summation is mostly unpreserved for appellate review, as, with respect to the majority of the comments, the defendant failed to object to the comments, made only general objections, or failed to request curative instructions (see People v Milburn, 226 AD3d 927, 929; People v Mairena, 160 AD3d 986, 988, affd 34 NY3d 473). In any event, the defendant's contention is without merit. Most of the challenged comments made by the prosecutor during summation [*2]constituted fair comment on the evidence, were responsive to arguments presented in defense counsel's summation, or were permissible rhetorical comment (see People v Dawson, 178 AD3d 719, 720; People v Hatcher, 130 AD3d 648, 649). To the extent that some of the prosecutor's summation comments were improper, they were not so pervasive or egregious as to deprive the defendant of a fair trial (see People v Escalona, 237 AD3d 968, 970).
The defendant's contention that the Supreme Court erred in failing to charge the jury regarding the weakness of evidence of flight is unpreserved for appellate review because the defendant did not request such a charge, object to the court's failure to so charge, or move for a mistrial (see CPL 470.05[2]; People v Hospedales, 71 AD3d 916, 917; People v Valerio, 70 AD3d 869, 870). In any event, any error in failing to give the instruction was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that any error in this regard contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court