■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID GRIFFIN, Also Known as KANDIA GRIFFIN, Also Known as KEVIN MOORE, Appellant. [660 NYS2d 448] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 29, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant expressly declined to stipulate that trial exhibits could be turned over to the jury in his absence. Nevertheless, a court officer who mistakenly assumed that the stipulation had been entered into, responded to the jury's request to see two exhibits by delivering them to the jury room.

The presentation of trial exhibits to the jury in accordance with their request, but in the defendant's absence, was error in light of the defendant's express refusal to stipulate that evidence could be turned over to the jury in his absence. However, we find no violation of the defendant's constitutional or statutory right to be present at the trial, as the actual delivery of the exhibits was a ministerial act. It cannot be said that the defendant's presence for this aspect of the trial had a reasonably substantial relationship to his opportunity to defend against the charges *(People v Harris,* 76 NY2d 810; *see also, People v Rodriguez,* 192 AD2d 731; *People v Murphy,* 176 AD2d 899).

There is no merit to the defendant's contention that the trial court improperly discharged the jury despite one juror's alleged equivocation about the guilty verdict. Once the jury was polled and each juror indicated assent to the verdict, there was nothing more required of the court *(People v Maddox,* 139 AD2d 597; *People v Webb,* 134 AD2d 303). The defendant's claim that a juror was equivocal about the verdict because he indicated after the polling that he would like to speak with the Judge, but then changed his mind, is entirely speculative. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.