■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PABLO ZELAYA, Appellant. [47 NYS3d 417]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered May 5, 2014, convicting him of predatory sexual assault against a child, rape in the first degree (two counts), sexual abuse in the first degree (four counts), and endangering the welfare of a child (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the

evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the County Court committed reversible error by allowing a court officer to provide the deliberating jury with a documentary exhibit it had requested in the absence of the court and the parties. However, the defendant waived any challenge to this procedure when he stipulated at trial to the procedure that was followed (*see generally People v Kelly*, 5 NY3d 116, 121 [2005]; *People v Armstrong*, 138 AD3d 877, 879 [2016]). Moreover, the ministerial act of delivering the exhibit did not constitute a mode of proceedings error or deprive the defendant of a fair trial (*see People v Slavik*, 277 AD2d 259 [2000]; *People v Griffin*, 241 AD2d 501 [1997]).

The defendant's challenge to the admission of certain Facebook messages is only partially preserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*People v Brown*, 96 AD3d 869 [2012]; *People v Hutchinson*, 255 AD2d 396 [1998]; *People v Brown*, 214 AD2d 679 [1995]).

Similarly unavailing is the defendant's contention that a mistrial was warranted because testimony regarding a prior uncharged crime or bad act that he had committed was erroneously presented at trial. The record demonstrates that the single, brief reference to the incident was not elicited by the prosecutor, but was volunteered by a witness, whose testimony in this regard was ambiguous and, thus, open to interpretation. No other testimony was presented on this matter. Moreover, the County Court sustained the defendant's objection to the testimony, struck the testimony from the record, and instructed the jury to disregard it.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.