People v Aracena (2023 NY Slip Op 06490)

People v Aracena

2023 NY Slip Op 06490

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Singh, J.P., Friedman, Gesmer, Shulman, O'Neill Levy, JJ. 

Ind. No. 96/20 Appeal No. 1262 Case No. 2022-04920 

[*1]The People of the State of New York, Respondent,
v
Jose Aracena, Defendant-Appellant.

Alexander M. Dudelson, Brooklyn, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered May 4, 2022, convicting defendant, after a jury trial, of petit larceny and official misconduct, and sentencing him to concurrent terms of three years' probation and 100 hours of community service, unanimously affirmed.
Defendant failed to preserve his legal insufficiency claims (see People v Gray, 86 NY2d 10, 20 [1995]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The totality of the circumstantial evidence supported the conclusion that defendant kept the money recovered from the vehicle of the arrested driver instead of turning it in for processing and vouchering.
Defendant's challenge to the court's Sandoval ruling is unpreserved (see People v McAllister, 245 AD2d 184, 184-185 [1st Dept 1997], lv denied 91 NY2d 894 [1998]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court's ruling, which permitted limited inquiry into a prior instance of misconduct in which defendant misused departmental property for his own benefit, balanced the appropriate factors and was a provident exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]). The prior act of misconduct, although bearing some similarity to the present offense, was relevant to defendant's credibility, and the probative value of the limited inquiry outweighed its prejudicial effect. In any event, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 26 NY3d 230, 241 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023